Opinion issued May 5, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NOS. 01–06–00300–CV
           01–06–00301–CV
           01–06–00302–CV
           01–06–00384–CV
           01–06–00385–CV
           01–06–00386–CV
           01–06–00387–CV
           01–06–00388–CV
           01–06–00389–CV
           01–06–00390–CV
           01–06–00405–CV
____________

IN RE ARTHUR E. JOHNSON, Relator




Original Proceedings on Petitions for Writs of Mandamus and Injunction




MEMORANDUM OPINIONAs best as we can determine, relator Arthur E. Johnson currently has eleven
related proceedings pending before this Court: (1) a petition for a writ of mandamus
directed at Tina White, official court reporter for Probate Court No. 2 of Harris
County (case number 01–06–00300–CV); (2) a petition for a writ of mandamus
directed at Jim Kelly, deputy Harris County Clerk (case number 01–06–00301–CV);
(3) a petition for a writ of mandamus directed at the Honorable Beverly B. Kaufman,
Harris County Clerk (case number 01–06–00302–CV); (4) a petition for a writ of
mandamus directed at the Honorable Mike Wood, Judge of Probate Court No. 2 of
Harris County (case number 01–06–00384–CV); (5) a petition for a writ of
mandamus directed at Richard Allen Guzman, deputy Harris County Clerk (case
number 01–06–00385–CV); (6) a petition for a writ of mandamus directed at [first
name unknown] Johnson, deputy Harris County Clerk (case number
01–06–00386–CV); (7) a petition for a writ of mandamus directed at Kevin Mauzy,
deputy Harris County Clerk (case number 01–06–00387–CV); (8) a petition for a writ
of injunction directed at the Honorable Beverly B. Kaufman, Harris County Clerk
(case number 01–06–00388–CV); (9) a petition for a writ of injunction directed at
Richard Allen Guzman, deputy Harris County Clerk (case number
01–06–00389–CV); (10) a petition for a writ of injunction directed at [first name
unknown] Johnson, deputy Harris County Clerk (case number 01–06–00390–CV);
and (11) a petition for a writ of injunction directed at Kevin Mauzy, deputy Harris
County Clerk (case number 01–06–00405–CV). Each of the eleven original
proceedings is accompanied by a motion for leave to file the petition. The underlying
lawsuit for all eleven original proceedings is In re Johnson, No. 334,099 (Probate Ct.
No. 2, Harris County, Tex., judgment signed Nov. 8, 2005), appeal dismissed, No.
01–05–01074–CV (Tex. App.—Houston [1st Dist.] Mar. 30, 2006, no pet. h.). 
Relator has neither paid the required filing fees, nor filed an affidavit of indigence
that complies with the requirements of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 5 (requiring payment of fees in civil cases); Tex. R. App. P. 20.1(a),
(c)(2) (establishing indigence); see also Tex. Gov’t Code Ann. §§ 51.207,
51.941(a), 101.041 (Vernon 2005) (listing fees in court of appeals); Fees Civ. Cases
B(1), (3) (listing fees in court of appeals).
          A court of appeals has no general writ power over a person—other than a judge
of a district or county court—unless issuance of the writ is necessary to enforce the
jurisdiction of the court in a case properly before it. See Tex. Gov’t Code Ann. §
22.221(a), (b) (Vernon 2004); Silva v. Klevenhagen, 833 S.W.2d 746, 747 (Tex.
App.—Houston [1st Dist.] 1992, orig. proceeding). With the exception of the petition
for a writ of mandamus directed at Judge Wood (case number 01–06–00384–CV), we
have no jurisdiction over relator’s petitions.
          Accordingly, we dismiss for want of jurisdiction the petitions and motions for
leave to file in case numbers 01–06–00300–CV, 01–06–00301–CV,
01–06–00302–CV, 01–06–00385–CV, 01–06–00386–CV, 01–06–00387–CV,
01–06–00388–CV, 01–06–00389–CV, 01–06–00390–CV, and 01–06–00405–CV. 
We dismiss for nonpayment of requiring filing fees the petition and motion for leave
to file the petition in case number 01–06–00384–CV.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.